**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JANE DOE,

                 Plaintiff,

             v.

OREN ALEXANDER,

                 Defendant.

Case No.: 25-CV-2145

**ANSWER BY DEFENDANT OREN ALEXANDER**

**JURY TRIAL DEMANDED**

Defendant Oren Alexander ("Defendant"), by and through his undersigned counsel, answers the Complaint ("Complaint") filed by Plaintiff Jane Doe ("Plaintiff") on February 18, 2025, as follows:

**RESPONSE TO "INTRODUCTION"**

1.      Defendant denies the allegations contained in paragraph 1.

2.      Defendant denies the allegations contained in paragraph 2.

**RESPONSE TO "PARTIES"**

3.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 3.

4.      Defendant denies the allegations contained in paragraph 4.

5.      Defendant admits the allegations contained in paragraph 5.

**RESPONSE TO "JURISDICTION & VENUE"**

6.      Paragraph 6 contains legal conclusions, as to which no response is required. To the extent a response is required, Defendant denies the allegations.

7.      Paragraph 7 contains legal conclusions, as to which no response is required. To the extent a response is required, Defendant denies the allegations.

8.      Paragraph 8 contains legal conclusions, as to which no response is required. To the extent a response is required, Defendant denies the allegations.

**RESPONSE TO "JURY DEMAND"**

9.      Paragraph 9 contains legal conclusions, as to which no response is required.

**RESPONSE TO "FACTUAL ALLEGATIONS"**

10.     Defendant denies the allegations contained in paragraph 10.

11.      Defendant denies the allegations contained in paragraph 11.

12.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 12. To the extent a response is required, Defendant denies the allegations set forth in paragraph 12.

13.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 13. To the extent a response is required, Defendant denies the allegations set forth in paragraph 13.

14.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 14. To the extent a response is required, Defendant denies the allegations set forth in paragraph 14.

15.     D Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 15. To the extent a response is required, Defendant denies the allegations set forth in paragraph 15.

16.     Defendant denies the allegations contained in paragraph 16.

17.     Defendant denies the allegations contained in paragraph 17.

18.     Defendant denies the allegations contained in paragraph 18.

19.     Defendant denies the allegations contained in paragraph 19.

20.     Defendant denies the allegations contained in paragraph 20.

21.     Defendant lacks knowledge or information sufficient to form a belief about

the truth of the allegations contained in paragraph 21.  To the extent a response is required, Defendant denies the allegations set forth in paragraph 21.

22.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 22. To the extent a response is required, Defendant denies the allegations set forth in paragraph 22.

23.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 23, except denies that any assault occurred.

<strong><u>RESPONSE TO "FIRST CAUSE OF ACTION"</u></strong><br><strong><u>(Sexual Battery)</u></strong>

24.    Defendant refers to and reincorporates his responses to the allegations contained in paragraphs 1 through 23 with the same force and effect as if set forth fully herein.

25.    Paragraph 25 contains legal conclusions, as to which no response is required. To the extent a response is required, Defendant denies these allegations.

26.    Paragraph 26 contains legal conclusions, as to which no response is required. To the extent a response is required, Defendant denies these allegations.

27.    Paragraph 27 contains legal conclusions, as to which no response is required. To the extent a response is required, Defendant denies these allegations.

28.    The allegations contained in paragraph 28 constitute conclusions of law to which no response is required.  To the extent that a response is required, Defendant denies the allegations contained in paragraph 28.

**PRAYER FOR RELIEF**

Defendant denies that Plaintiff has suffered any cognizable injury or damages entitling her to any legal recourse, denies that Plaintiff is entitled to any such relief, whether monetary, compensatory, punitive, declarative, equitable, costs, and/or fees relating to this matter, or in any other form sought by Plaintiff.

**GENERAL DENIAL**

Unless explicitly admitted herein, Defendant denies each and every allegation in the Complaint and demands strict proof thereof.

**AFFIRMATIVE AND OTHER DEFENSES**

Defendant alleges the following as separate affirmative defenses, without assuming the burden of proof where such burden is otherwise on the Plaintiff under applicable law. Defendant reserves the right to add additional affirmative defenses as discovery proceeds.

**First Defense**

The Complaint fails to state a claim against Oren Alexander on which relief may be granted.

**Second Defense**

Plaintiff's claims are fabricated and barred by fraud.

**Third Defense**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, and estoppel.

**Fourth Defense**

The alleged harm and damages sustained by Plaintiff, if any, are speculative.

4

**Fifth Defense**

Plaintiff has sustained no cognizable injury by reason of any wrongful conduct by Oren Alexander.  Plaintiff makes only conclusory allegations of damages.

**Sixth Defense**

Plaintiff's alleged conduct did not cause any loss of revenue or income to Plaintiff. Plaintiff makes only conclusory allegations of economic harm and has not alleged any facts demonstrating actual pecuniary loss.

**Seventh Defense**

Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by Defendant, Plaintiff has failed to mitigate or minimize her alleged damages.

**Eighth Defense**

Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by Defendant, any injuries and/or damages sustained by Plaintiff, as alleged in the Complaint, all of which Defendant denies, were proximately caused, in whole or in part, by Plaintiff's own actions.

**Ninth Defense**

Plaintiff's claims are barred because Defendant was not the cause in fact or the proximate cause of her alleged injuries.

**Tenth Defense**

Plaintiff fails to state a claim for punitive damages.  Moreover, any award of punitive damages would violate Defendant's right to procedural and substantive due process under the Fourteenth Amendment of the United States Constitution and under the New York State

5

Constitution, to the extent that any such award is not proportionate to any compensatory damages. Any award of punitive damages would also violate Defendant's right to protection from "excessive fines" under the Eighth Amendment of the United States Constitution and under the New York State Constitution.

### Eleventh Defense

Defendant, if liable at all, is not jointly liable to Plaintiff for the non-economic damages allegedly suffered by Plaintiff because Defendant is 50% or less at fault for Plaintiff's alleged injuries and Defendant is entitled to the protections of CPLR Article 16.

### Twelfth Defense

Plaintiff's claims are barred because Defendant did not engage in conduct that would constitute a "crime of violence" as defined in NYC Administrative Code § 10-1103.

### Thirteenth Defense

Defendant is not knowingly waiving any affirmative defense and hereby expressly reserves the right to sever and/or to amend his Answer and include all such defenses as may become available or apparent during pretrial proceedings in this action.

### Demand for Trial by Jury

Defendant demands trial by jury.

**WHEREFORE,** Defendant respectfully requests that this Court:

(a) Dismiss the Complaint in its entirety with prejudice;

(b) Award Defendant the costs of defending against the suit, including reasonable attorneys' fees and expenses;

(c) Grant Defendant such other and further relief as the Court deems just and proper.

Dated: New York, NY                                          Respectfully submitted,

March 24, 2025                                          *s/ Jason Goldman*